UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PHILANDER S. McFARLAND ] | |
|     Plaintiff, ] | |
| ] | No.  3:14-cv-1293 |
| v.                       ] | (No. 3:14-mc-0498) |
| ] | Judge Sharp |
| STEPHANIE A. POOL        ] | |
|     Defendant. ] | |

**O R D E R**

On April 4, 2014, an order (Docket Entry No. 6) was entered denying the plaintiff's application to proceed in forma pauperis. 28 U.S.C. § 1915(g). The plaintiff was granted thirty (30) days in which to pay the filing fee of four hundred dollars ($400). He was forewarned that, should he fail to comply with these instructions within the specified period of time, the full amount of the filing fee would be assessed against him and collected from his inmate trust account, and this action would be dismissed for want of prosecution. In re Alea, 286 F.3d 378, 382 (6th Cir. 2002).

The thirty day period has expired and the plaintiff has not yet complied with the instructions of the Court by paying the filing fee.

Accordingly, the Clerk will file the complaint, The *pro se* prisoner plaintiff is herewith ASSESSED the civil filing fee of $400.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust

account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

This action is hereby DISMISSED for failure to comply with the instructions of the Court and for want of prosecution. Rule 41(b), Fed. R. Civ. P. The Clerk is directed to send a copy of this order to the Warden of the Federal Correctional Institution in Terre Haute, Indiana, to insure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

Entry of this order shall constitute the final judgment in this case.

It is so ORDERED.

Kevin H. Sharp
United States District Judge